The opinion of the court was delivered by
Tilgjiman, C. J,
The executors of Joseph Walker have ap-. pealed from the decree of the Orphans’ Court, on the settlement of their account. The only dispute is on the subject of their commission. The executors charged five per cent, which the court reduced to three.
There were three executors, one of whom, (Samuel Walker,. brother of the testator,) resided in the city of Philadelphia, and the two others in Bucks County. A commission of five per cent, was allowed on a sum óf 37000 dollars, and something more. The amount of the commission was 1,862 dollars 10 cents, which being divided between the three executors, gave 620 dollars 70 cents to each. Having explained the principles by which the compensation of executors should be regulated, in the opinion which I have just delivered in the case of Pusey v. Clem son, it is unnecessary to repeat them now. The Orphans’ Court were of opinion, that this was a case in which the usual commission of five per cent, should be departed from, and it lies upon the appellants to show that the decree was erroneous. It appears, that the estate consisted principally of bank *226 stock, which was transferred by the executors to the legatees of the testator, so that the executors were saved the trouble of collecting the money, and paying it over. For this kind of service, three per cent, is a very ample allowance. But several circumstances have-been mentioned, to show that the executors had considerable trouble in the discharge of their duty. They were to attend to the clothing, and education of the children of the testator’s sister, Mrs. Paxton, while in their minority. They were to pay an annuity of 200 dollars to Mrs. Paxton for her life; an annuity of 100 dollars to Mrs. Hutchinson for her life, and distribute the dividends on 10 shares in the bank of Philadelphia, in charities. Some reliance too was placed on the circumstance of there being three executors, so that the compensation was not so great, as if the whole had been given to one. I do not think, the number of the executors should make any difference in the rate of commission. The question is, what is an adequate allowance for the trouble of doing the whole business. If the trouble of the executors has been unequal, as is generally the case, they should do'justice among themselves, by assigning to each, a share of the whole allowance, proportioned,to his trouble; or, if they choose to divide it equally, it is their own concern, and they may settle it as they please. With regal’d to the clothing and education of Mrs. Paxton’s children, it may have been very great, or very little. If the executors had to attend to all the details of clothing, schooling, &c. the trouble has been great. But if the mother took all this upon herself, and the executors had only to advance, from time to time, such money as was necessary, their trouble has been little. On this subject we have been left in the dark. The executors have produced no evidence! As to the annuities and the charity, the counsel for the executors says,' that it is not intended to make any charge for the trouble of future payments, and therefore, it is reasonable, that they should be allowed a commission of five per cent, on the whole capital remaining in their hands, as a fund to answer the annuities, and the annual charity, (upwards of 5000 dollars). But to this it has been truly answered, that it is impossible to say, how long the executors may live, and in case of their death, the trouble will fall on other persons, who will expect a compensation. The safest way is, to make a reasonable allowance to the executors, for the services which they have performed, without anticipating what may be done in future. Considering all the evidence which has been laid before us, I cannot say, that the appellants haye shown sufficient cause for reversing the decree of the Orphans’ Court, and therefore, I am of opinion that it should be affirmed.
¡Judgment affirmed.
*227 CASES IN THE . SUPREME COURT OF PENNSYLVANIA. • EASTERN DISTRICT — MARCH TERM,' 1823.